Lindsay O'Brien QUARRIE,
Plaintiff–Appellant,

v.

NEW MEXICO INST. OF MINING &
TECH.; Bhaskar Majumdar; Lorie
Liebrock; Kenneth (Ken) Minschwan-
er; Scott Teare; Daniel Lopez; Peter
Gerity, Defendants–Appellees.

No. 14–2072.

United States Court of Appeals,
Tenth Circuit.

Nov. 18, 2014.

Lindsay O'Brien Quarrie, Socorro, NM,
pro se.

Eleanor K. Bratton, Vanamberg, Rog-
ers, Ortiz & Abeita, Albuquerque, NM,
Andrea I. Gunderson, Christopher T. Sau-
cedo, Saucedochavez, Albuquerque, NM,
Moses B. Winston, V, State of New Mexico
General Services, Albuquerque, NM, for
Defendants–Appellees.

Before HARTZ, McKAY, and
MATHESON, Circuit Judges.

## ORDER AND JUDGMENT *

MONROE G. McKAY, Circuit Judge.

After examining the briefs and the ap-
pellate record, this panel has determined
unanimously that oral argument would not
materially assist in the determination of
this appeal. See Fed. R.App. P. 34(a)(2);
10th Cir. R. 34.1(G). This case is there-
fore ordered submitted without oral argu-
ment.

Appellant Lindsay Quarrie filed this fed-
eral lawsuit following his termination from
a graduate program at Appellee New Mex-
ico Institute of Mining and Technology.
Appellant claims his termination was
based on unlawful factors including racial
bias and retaliation for complaints he made
previously about the school. As relief, Ap-
pellant seeks monetary damages, re-enroll-
ment in the graduate program, and the
award of his diploma.

In the ongoing district court proceed-
ings, both parties have filed numerous
motions. The district court denied Appel-
lant's motion for preliminary injunctive re-
lief, in which he sought reinstatement to
the university and the award of his de-
gree. A panel of this court dismissed his
appeal of that decision as untimely. Ap-
pellant subsequently sought a permanent
injunction. The district court denied this
request as premature and unripe, since
the merits of the case had not yet been
adjudicated and thus Appellant could not
show " 'actual success on the merits' " as
required to obtain a permanent injunction.
(Docket No. 131, Order at 5 (quoting *Sw.
Stainless, LP v. Sappington*, 582 F.3d
1176, 1191 (10th Cir.2009)).) In response
to various motions filed by Appellees, the
district court dismissed and limited some
claims against some parties, but other
claims remain pending.

Appellant now seeks to appeal both the
denial of his motion for a permanent in-
junction and the district court's dismissal
of some of his claims, as well as other
related rulings by the district court. How-
ever, because not all claims have been
resolved and the district court has not
directed entry of a final judgment as to
some claims or parties under Rule 54(b),
we only have jurisdiction to consider the
denial of injunctive relief. See 28 U.S.C.

---

* This order and judgment is not binding prece-
dent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It

may be cited, however, for its persuasive val-
ue consistent with Fed. R.App. P. 32.1 and
10th Cir. R. 32.1.

§§ 1291, 1292(a); Fed.R.Civ.P. 54(b); *see also Utah v. Norton,* 396 F.3d 1281, 1286 (10th Cir.2005). We therefore consider only this issue, dismissing the rest of the appeal for lack of appellate jurisdiction.

Turning then to the sole surviving issue on appeal, we see no abuse of discretion in the district court's denial of a permanent injunction as premature and unripe. Because the merits of this case have yet to be adjudicated, Appellant cannot demonstrate "actual success on the merits" as required to obtain permanent injunctive relief. *See Sw. Stainless, LP* 582 F.3d at 1191.

We accordingly **AFFIRM** the district court's denial of a permanent injunction and **DISMISS** the rest of the appeal for lack of jurisdiction.

---

* This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.